UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**DOUGLAS R. MILLER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

August 19, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lynette B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2760-DRM

Dear Counsel:

On September 25, 2024, Plaintiff Lynette B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11 and 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on March 11, 2021 alleging a disability onset of January 1, 2013. Tr. 224-231. Plaintiff's claims were denied initially and on reconsideration. Tr. 114-115, 119-120. On February 27, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 42-73. Following the hearing, on March 26, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-36. The Appeals Council denied Plaintiff's request for review, Tr. Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on September 25, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Lynette B. v. Bisignano*
Civil No. 24-2760-DRM
August 19, 2025
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 11, 2021, the amended alleged onset date[.]" Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus, hypertension, depression, anxiety, post-traumatic stress disorder, and obesity[.]" Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "glaucoma/low vision, chronic kidney disease, cervical degenerative disc disease, and gastroesophageal reflux (GERD) disease." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she is frequently able to climb ramps or stairs. Occasionally able to climb ladders, ropes, or scaffolds. Frequently able to balance, stoop, or crouch. Occasionally able to kneel, or crawl. Avoid work requiring commercial driving, or operation of moving machinery. Avoid work at unprotected heights, or around dangerous moving machinery (i.e., Forklifts). Able to understand, and carry out simple instructions and routine, repetitive tasks. Able to apply commonsense understanding to carry out detailed, but uninvolved, instructions. Avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). Able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time offtask can be accommodated with normal breaks. Occasionally able to deal with changes in a routine work setting. Able to have frequent interaction with supervisors and/or co-workers. Able to have occasional in-person interaction with the general public.

Tr. 26. The ALJ determined that Plaintiff has no past relevant work, but could perform other jobs that existed in significant numbers in the national economy, such as that of a linen clerk (DOT[3] # 222.387-030), kitchen helper (DOT # 318.687-010), or cleaner (381.687-018). Tr. 35-36. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 36.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two central arguments on appeal, specifically that the ALJ erroneously assessed the Plaintiff's residual functional capacity, and that the ALJ erroneously evaluated the Plaintiff's subjective complaints. ECF 11, at 3, 18. Defendant counters that substantial evidence supports the ALJ's step two finding as well as the ALJ's RFC determination, and that the ALJ properly evaluated Plaintiff's subjective statements about her symptoms. ECF 15, at 5, 7, 20. The Court finds merit in Plaintiff's second argument, that the ALJ erroneously evaluated the Plaintiff's subjective complaints, in particular the ALJ's over-reliance on Plaintiff's ability to take part in certain activities as a basis to dismiss her subjective complaints.

The relevant inquiry involves a two-part analysis. *See* 20 C.F.R. § 416.929. Under the first prong of the analysis, the Plaintiff must provide objective medical evidence showing a medical impairment that could reasonably be expected to produce the pain or other symptoms at issue. 20 C.F.R. § 404.1529(b). Next, under the second prong, the ALJ must evaluate the intensity,

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Lynette B. v. Bisignano*
Civil No. 24-2760-DRM
August 19, 2025
Page 4

persistence, and limiting effects of Plaintiff's symptoms to determine the extent that they limit Plaintiff's ability to do basic work activities. *Id.* § 404.1529(c).

At the same time, the Fourth Circuit has emphasized that claimants should not be penalized for attempting to live normal lives, and that ALJs should not consider the types of activities that claimants engage in without further considering the *extent* to which they can perform them. *See, e.g.*, *Oakes v. Kijakazi*, 70 F.4th 207, 216 (4th Cir. 2023) ("an ALJ errs in extrapolating from daily and life activities that a claimant has increased residual functional capacity, or, in other words, has the 'ability to do sustained work-related activities on a regular and continuing basis—i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule'" (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 100 (4th Cir. 2020))). Additionally, and of special relevance here, the Fourth Circuit has further emphasized the unique and subjective nature of major depressive disorder, finding that claimants suffering from the ailment may rely exclusively on subjective evidence to prove that their symptoms are so continuous and/or severe to prevent them from working. *See Shelley C. v. Comm'r, Soc. Sec. Admin.*, 61 F.4th 341, 362 (4th Cir. 2023) (recognizing major depressive disorder as an "other disease" within the holding of *Arakas* that symptoms of "fibromyalgia or some other disease that does not produce [objective medical] evidence" may be established by subjective evidence alone).

Here, the ALJ erred when he overly relied on a single activity report, focusing on the types of activities Plaintiff could perform, without considering the extent to which she could perform them. Tr. 27. Specifically, the ALJ concludes that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms "are inconsistent because the claimant's admitted daily activities and abilities do not support a finding of disability." *Id.* The ALJ cites a single Function Report, dated July 3, 2021, that describes Plaintiff being able to prepare simple meals, carry out household chores, attend occasional meetings, and perform other tasks associated with daily living. *Id.* In doing so, the ALJ engaged in the same error that the Fourth Circuit criticized in *Arakas* and *Oakes*: emphasizing the Plaintiff's ability to carry out certain activities without considering the extent to which she can perform them.

In addition to this overreliance on the 2021 report, the ALJ seemingly misquotes the same report, overstating the Plaintiff's ability to walk before taking a rest. *Compare* Tr. 27 ("[Plaintiff] can walk 1.5 hours before she needs to stop and rest") *with* Tr. 291 (Plaintiff's response on Form SSA-3373 indicating 1½ hours as the amount of time Plaintiff needs to *rest* before walking again). Elsewhere in the same 2021 activity report, Plaintiff reports getting tired easily and that she spent most of her time resting because she felt tired and anxious most of the time. Tr. 286-287. Furthermore, in a more recent activity report, dated November 2, 2022, Plaintiff reports doing "nothing much" because of difficulties getting out of bed. Tr. 311.

Defendant disputes Plaintiff's characterization of the ALJ's analysis. ECF No. 15 at 20-25. Specifically, Defendant argues that the ALJ considered and accepted that Plaintiff had some limitations but was simply not as limited as Plaintiff alleged. ECF No. 15 at 23. Thus, Defendant argues that any errors here were harmless and distinguishable from those discussed in *Oakes or Arakas*. *Id.* To be sure, minor flaws in an ALJ's opinion do not always undermine the ALJ's overall assessment, and there is no rigid requirement requiring ALJs to refer to every piece of evidence in

*Lynette B. v. Bisignano*
Civil No. 24-2760-DRM
August 19, 2025
Page 5

the record. *See Sizemore v. Berryhill*, 878 F.3d 72, 82-83 (4th Cir. 2017); *Reid v. Comm'r, Soc. Sec. Admin*, 769 F.3d 861, 866 (4th Cir. 2014).

However, the ALJ's overreliance on the July 3, 2021 Function Report nevertheless constitutes reversible error, as it discounts Plaintiff's subjective statements by cherry-picking limited examples of Plaintiff attempting to live a normal life without fully considering the extent to which Plaintiff can perform these activities, and by overlooking contradictory evidence elsewhere in the record. *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017) ("'An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding'") (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

Because the case is being remanded on the aforementioned grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.  **CONCLUSION**

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge